```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION

SELECT PORTFOLIO SERVICING,
INC.,

        Plaintiff,

v.                                Case No:  2:24-cv-335-JES-KCD

ROBIN JOHN BELL, UNKNOWN
TENANTS/OWNERS 1, UNKNOWN
TENANTS/OWNERS 2, UNKNOWN
TENANTS/OWNERS 3, and
UNKNOWN TENANTS/OWNERS 4,

        Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on review of the file. On April 12, 2024, defendant Robin John Bell, *pro se*, removed the case from Collier County Circuit Court. (Doc. #1.) On April 18, 2024, the Court entered an Order (Doc. #3) directing defendant to provide a copy of the removed Complaint and state court documents, and to also show cause why the case should not be remanded for lack of subject matter jurisdiction finding no citizenship information or why the amount in controversy exceeds $75,000. On April 25, 2024, defendant filed an Answer the Order to Show Cause (Doc. #4) stating that he was bringing a Constitutional question regarding the lack of jurisdiction of the lower court and because he did not receive due process, but also because diversity of citizenship does in fact exist because plaintiff is incorporated

in Salt Lake City, Utah and has a principal place of business in Utah along with an amount in controversy of $338,629.05. The Court would accept the diversity of citizenship allegations because "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

The Complaint (Doc. #7) has now been filed for review. The one-count Verified Complaint to Foreclosure Mortgage (Doc #7) was filed on January 11, 2024, in Collier County Circuit Court seeking to foreclose on a Note and Mortgage due, owing, and unpaid in the amount of $338,629.05, in principal. Defendant Robin John Bell was served on February 15, 2024, and an Answer was filed on March 11, 2024. (Doc. #6-1 at 114, 123; Doc. #6-2 at 2.) Defendant did not remove the case until on or about April 12, 2024.[1] On May 10, 2024, plaintiff filed a Motion to Remand Action to State Court (Doc. #8)[2], and defendant filed an Opposition (Doc. #9) on May 24, 2024, arguing the merits of the action but not why federal jurisdiction is proper.

Plaintiff argues that the removal is untimely, that defendant concedes that defendants are Florida citizens and therefore

---

[1] The state court docket reflects that Notice was not filed with the state court until April 15, 2024. See https://cms.collierclerk.com.

[2] The Court notes that the motion fails to comply with the Local Rules in that Times New Roman is used at a reduced 12.96-point. "Times New Roman is permitted if the main text is at least 14-point" under M.D. Fla. R. 1.08(b).

defendant cannot remove the case, and the Notice of Removal does not allege or establish a federal question.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b).  In this case, more than 30 days had passed when defendant removed the case and therefore the removal is untimely.

"A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  It is undisputed that defendant is a citizen of Florida.  The only issue is whether diversity is the sole basis for the removal.

Although defendant alleges that a "Constitutional question" exists regarding the lack of jurisdiction of the lower court, this is clearly a defense and not articulated in the Complaint, which is based entirely on state law.  (Doc. #4, p. 1.)  "Only state-court actions that originally could have been filed in federal

court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. [] The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). As no federal question is present in the Complaint, the Court finds that the case is not removable by a Florida defendant.

As the removal was both untimely and not removable, the motion to remand will be granted.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion to Remand Action to State Court (Doc. #8) is **GRANTED**. The case is remanded to the Collier County Circuit Court for all further proceedings. The Clerk shall transmit the record, terminate all pending deadlines and close the case.

**DONE and ORDERED** at Fort Myers, Florida, this   6th   day of June 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of Record